# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-144 LY |
| | § | |
| JAVIER ENRIQUE BECERRA-AVILA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on March 14, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On, May 26, 2010, Judge Yeakel sentenced the Defendant to 21 months of imprisonment, followed by three years of supervised release, for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. On August 24, 2011, the Defendant was released from the Bureau of Prisons and removed from the United States to Mexico. On May 12, 2012, the Defendant was apprehended near Palmview, Texas, and arrested on apparent suspicion of driving while intoxicated. As a result of officers' use of force to effectuate the arrest, the Defendant was injured and admitted to a local hospital. Border Patrol agents declined to prosecute the Defendant for illegal reentry, and by the time the Defendant was dis charged from the hospital the local authorities had also not filed any

charges. and thus the Defendant was able to leave the hospital freely. Some days later local authorities in Hidalgo County filed charges of assault and aggravated assault on a public servant, resisting arrest, and DWI against the Defendant. On September 24, 2012, the Defendant was arrested in Austin through the efforts of federal, state and local officers with the Lone Star Fugitive Task Force.[1] The same day the Probation Office submitted its petition alleging that the Defendant violated his conditions by committing a new offense, and by illegally reentering the U.S. The undersigned authorized the issuance of a warrant that day.

After his arrest, the Defendant was transferred to Hidalgo County to face the charges there. Eventually, on February 12, 2013, the Defendant pled guilty to one charge of resisting arrest and was sentenced to 131 days in custody, which amounted to a time-served sentence. All of the other charges were dismissed. On February 20, 2013, the Defendant was transferred to federal custody on the warrant issued in this case. He was then transferred from the Southern District of Texas to this District, arriving here on March 7, 2013.

On March 14, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

---

[1] Once again, force was required to arrest the Defendant, including the deployment of a Taser.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by committing a new offense, and by reentering the United States without permission.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is V,

resulting in an (advisory) guideline range of 18 to 24 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 18 months of imprisonment, with no supervised release to follow, said sentence to run consecutive to the sentence imposed by the Hidalgo County Court at Law No. 7, in Case No. CR-12-10108-G, and that the $100 special assessment originally imposed (which remains unpaid) be re-imposed.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of March, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE